IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Number 09-273 |
| | ) | |
| DARYL ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On February 28, 2010, Defendant Daryl Anderson ("defendant") filed a motion for reconsideration of order detaining defendant pending trial. (Doc. No. 219.) This court held a hearing on March 8, 2010, at which evidence and proffers of evidence were presented. Taking into consideration the evidence presented at the hearing, the pleadings and record in this case, and the arguments of counsel, this court denied defendant's request for release. This memorandum opinion and order sets forth the reasons for the court's decision, which were detailed on the record.

### *Background*

On September 15, 2009, a grand jury returned an indictment at Criminal No. 09-273 charging defendant with one count of conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. (Doc. No. 1.) On December 8, 2009, a grand jury returned a superseding indictment, charging defendant with the same count. (Doc. No. 145.) The maximum sentence for the drug offense at Criminal No.

09-273 is a life term of imprisonment.  (Doc. No. 2.)

On September 13, 2009, law enforcement officers went to the house of defendant to execute an arrest warrant, signed on that date by the magistrate judge.  (Tr. of 2/19/2010 Detention Hr'g (Doc. No. 227) at 9.)  When the officers arrived, they knocked on the door, but there was no answer.  A neighbor came outside, and told the officers that he believed defendant was not home.  The neighbor contacted defendant by telephone, and the officers spoke with defendant.  Defendant indicated he was in Baltimore, Maryland.  (Id. at 9-10.)  He also indicated "he was aware that he had an warrant for his arrest at that time, . . . and he would turn himself in to McKeesport police within the next couple of days."  (Id. at 10.)  Defendant did not turn himself in, however, until November 5, 2009, which was after he was placed on fugitive status by the United States Marshal Service.  (Id. at 11-12.)

After turning himself in, defendant initially waived a detention hearing because there was a state detainer.  (Id. at 2.)  The state detainer was lifted upon motion by defendant on January 27, 2010.  (Mot. for Recons. of Order Detaining Def. Pending Trial (Doc. No. 219), Ex. 1.)  A detention hearing in this case was held February 19, 2010.  At the hearing, the magistrate judge found that defendant posed a risk of flight, and ordered that defendant be detained pending trial:

> The Bail Reform Act requires the Court to review a number of factors in making a determination regarding detention. The first being the nature and circumstances of the offense charged, including whether the crime involves narcotics. As counsel have noted, this is a presumption case, which means that, according to Congress, if a crime involves narcotics, which this one does, there is a presumption in favor of detention, in other words, that is considered to be dangerous to the community.
> The weight of the evidence against the accused is another factor. It appears to me that the evidence is at least solid based upon the telephone conversation transcripts that I have. This Defendant was not as involved in this conspiracy as some of the others, it appears, but he clearly, according to this evidence, has

had some involvement with the distribution of drugs.

History and characteristics. I am seeing three, at least, not felonies, but some type of crimes to which Mr. Anderson pled guilty to involving drugs, either the possession or distribution thereof.  I don't really see any employment history in the pretrial report.

Ties to the community. I see that he does have a girlfriend, Ms. Gordon, who is here today.

The last factor I am to look at is the nature and seriousness of danger to any person if the accused is released. I think that based upon the offer of Ms. Gordon as a third party custodian and the fact the convictions are relatively dated, I probably would have agreed to release on stringent conditions. It's marginal, but I think conditions would be enough to protect the community.

But I don't think you have rebutted the presumption on risk of flight. I am sorry, Mr. Anderson, but that 53-day run, that's the behavior that I have to weigh to decide whether or not you will stay here and will appear for future court proceedings.

Clearly the officer spoke to you on the phone, you knew there was a warrant, you said you would turn yourself in, and you didn't. It seems to me the only reason you eventually did was because the marshals went to someone's home looking for you and I just -- you know, electronic monitoring is only as good as the monitor. You can always walk out of the house, you can always run, you can always take the monitor off.

I just can't get beyond that, I am sorry, so I am going to detain Mr. Anderson on a risk of flight basis.

(Tr. of 2/19/2010 Detention Hr'g at 30-32.)  The magistrate judge entered an order of detention of defendant pending trial.  (Doc. No. 216.)

After defendant moved for reconsideration of the order of detention, this court held a hearing on March 8, 2010.  Defendant called several witnesses who testified with respect to, inter alia, his ties to the community.  These witnesses included his girlfriend, Toni Gordon; Pastor Pete Giacalone; his aunt, Kathryn Brown; and his uncle, Robert Walker.  Defendant argued that Toni Gordon was a suitable third-party custodian.  Defendant believed that the court could impose conditions on release in order to ensure the safety of the community and to eliminate any risk of flight.  Upon reviewing the transcript of the February 19, 2010 detention hearing, the

report prepared by the pretrial services office, and taking into consideration the evidence and

proffers of evidence, the court denied defendant's request for bond.

### *Standard*

The court's standard of review for reviewing a magistrate judge's decision regarding bail

is de novo. United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985).

### *Discussion*

The structured system of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., regarding the

release or detention of a defendant before trial seeks to ensure that the interests of the defendant

and the public are carefully considered and contemplated before release or detention is ordered.

See United States v. Lemos, 876 F. Supp. 58, 59 (D.N.J. 1995).  The court is charged with

determining whether there exists "any condition or combination of conditions set forth in [18

U.S.C. § 3142(c)] that will reasonably assure the appearance of the [defendant] as required and

the safety of any other person and the community . . . ." 18 U.S.C. § 3142(f).  Section

3142(c)(1)(B) of the Bail Reform Act sets forth a nonexclusive list of conditions that a court may

impose upon granting a defendant's motion for pretrial release.  If no sufficient condition or

combination of conditions exists, however, the court may order that a defendant be detained

without bail pending trial.

Section 3142(e)(1) of the Bail Reform Act provides, in pertinent part:

> If, after a hearing pursuant to the provisions of subsection (f) . . .
> the judicial officer finds that no condition or combination of
> conditions will reasonably assure the appearance of the [defendant]
> as required and the safety of any other person and the community,
> such judicial officer shall order the detention of the [defendant]

before trial. . . .

. . . .

Subject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq., . . . .

18 U.S.C. § 3142(e)(1), (3)(A).

In this case, the rebuttable presumption set forth in section 3142(e) applies.  A grand jury indictment alleging violations 21 U.S.C. § 846, for which the punishment is more than ten years, provides probable cause to believe that a defendant has committed an offense for which he may receive a sentence of imprisonment for ten or more years for violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq.  See, e.g., United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986); United States v. Scroggins, No. 88-00286-02, 1988 WL 82847, at *1 (E.D. Pa. Aug. 8, 1988).  Here, defendant was indicted by a grand jury with conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine.  (Doc. Nos. 1, 145.)  Defendant is subject to a term of imprisonment of not less than ten years to a maximum of life.  (Doc. Nos. 2, 146.)  Thus, subject to rebuttal by defendant, it is "presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community . . . ."  18 U.S.C. § 3142(e).

A defendant may offer evidence to rebut the presumption that he is a flight risk and that no condition or combination of conditions will reasonably assure the safety of the community if defendant is released pending trial.  A defendant must produce only "some evidence" to rebut the presumption set forth in section 3142(e).  United States v. Jessup, 757 F.2d 378, 384 (1st Cir.

1985).  The quantum of evidence required to rebut the presumption is not high.  Rather, the
defendant need only come forward with credible evidence conflicting with the presumption.  Id.
at 383.  When a defendant produces conflicting evidence the presumption, however, does not
disappear.  The rebutted presumption retains evidentiary weight.  See United States v. Carbone,
793 F.2d 559, 560-61 (3d Cir. 1986) (per curiam); see also United States v. Dillon, 938 F.2d
1412, 1416 (1st Cir. 1991); United States v. Palmer-Contreras, 835 F.2d 15,18 (1st Cir. 1987)
(per curiam).

 In producing evidence to rebut the presumption, a defendant looks to the four factors set
forth in § 3142(g) which the court must consider in determining whether pretrial detention is
warranted.  See United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001) (to determine
whether the presumption of dangerousness has been rebutted, the court should consider the
factors set forth in § 3142(g)).  The four factors are:

> (1) the nature and circumstances of the offense charged, including
> whether the offense is a crime of violence, a violation of
> section 1591, a Federal crime of terrorism, or involves a minor
> victim or a controlled substance, firearm, explosive, or
> destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> > (A) the person's character, physical and mental condition,
> > family ties, employment, financial resources, length of
> > residence in the community, community ties, past
> > conduct, history relating to drug or alcohol abuse,
> > criminal history, and record concerning appearance at
> > court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the
> > person was on probation, on parole, or on other release
> > pending trial, sentencing, appeal, or completion of
> > sentence for an offense under Federal, State, or local

law; and

    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

The court finds that defendant rebutted the presumption that he was a risk of flight by presenting evidence of, among other things, his family relations and ties to the community.  On the other hand, the court concludes that it is a close question whether defendant rebutted the presumption that no condition or combination of conditions would reasonably ensure the safety of the community if he is released.  The court will, for the purpose of deciding this matter, consider the presumption to have been rebutted.

Assuming that defendant rebutted the presumption, the government must persuade the court either (1) by a preponderance of the evidence that no condition or combination of conditions would reasonably ensure the appearance of the defendant at future proceedings if defendant were to be released, or (2) by clear and convincing evidence that no condition or combination of conditions would reasonably ensure the safety of the community if defendant were to be released.  United States v. Schenberger, 498 F. Supp. 2d 738, 740 (D.N.J. 2007); see United States v. Perry, 788 F.2d 100, 115 (3d Cir. 1986) ("The clear and convincing standard does not even operate until the defendant has come forward with some evidence of lack of dangerousness.").  The same factors set forth in 18 U.S.C. § 3142(g) are relevant to this determination.  See United States v. Giles, No. A-96-CR-22, 1996 WL 172659, at *2 (N.D.N.Y. Apr. 11, 1996) ("Once a defendant introduces rebuttal evidence, I still must consider the presumption along with these factors: (1) the nature and circumstances of the charged offense, including whether it involves narcotic drugs; (2) the weight of the evidence against [the

defendant]; (3) [the defendant's] history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that [the defendant's] release would pose.  18 U.S.C. § 3142(g).").

## I.  <u>Risk of Flight</u>

"The purpose of a Section 3142(e) risk of flight determination . . . is to secure the appearance of the accused at trial."  <u>United States v. Himler</u>, 797 F.2d 156, 161-62 (3d Cir. 1986) (citing <u>United States v. Maull</u>, 773 F.2d 1479 (8th Cir. 1989) (risk of flight shown by prior attempt to leave the country in order to flee prosecution); <u>United States v. Vortis</u>, 785 F.2d 327 (D.C. Cir. 1986) (risk of flight shown by possession of fraudulent passports and a planned trip to Liberia)).  Here defendant presented evidence with respect to his family ties and ties to the community.  With respect to the prior offenses for which defendant was convicted, he attended the relevant court proceedings.  Defendant, although he knew about the arrest warrant in this case, did not return to western Pennsylvania for approximately two months.  He, however, did turn himself in knowing about the offense with which he is charged.  Defendant does not possess a passport.  While defendant does not have a valid driver's license, defendant's uncle, Robert Walker, testified he had a valid driver's license and would transport defendant to court appearances.  Although the government only needs to prove defendant is a risk of flight by a preponderance of the evidence, <u>Himler</u>, 797 F.2d at 161, the court concludes, after considering the record as a whole and the § 3142(g) factors, that, while it is a close question, the government did not establish that risk.  Accordingly, the remaining issue is whether the government presented clear and convincing evidence that there are no conditions which will reasonably assure the safety of the community.

## II. **Safety of the Community**

Applying § 3142(g)'s factors to the instant case, this court first concludes that the defendant was indicted for a serious drug offense.  Defendant was indicted for a drug conspiracy that involved a substantial amount of cocaine, in excess of five kilograms.  The offense with which he is charged carries a mandatory term of imprisonment of at least ten years, and a maximum term of imprisonment of life.

Second, in considering the weight of the evidence against defendant, the court notes that the primary evidence presented at the hearing was recorded phone conversations.  Transcripts of those conversations were introduced at the March 8, 2010 hearing as Government Exhibit 1. Although some of the language used was coded, the affiant who intercepted the calls opined that "joints" referred to nine ounces of cocaine.  Defendant was recorded saying "I need two of them 'joints' I got off you."  (Detention Hr'g 3/9/2010, Gov't Ex. 1 at 23.)  During another conversation, the affiant believed defendant stated that he only sold one nine-ounce package of cocaine because the purchaser did not have enough money to buy the second package.  (Id. at 25-26.)  The affiant believed that defendant and a co-conspirator discussed whether that purchaser used counterfeit paper money in the drug transaction.  (Id. at 27-28.)  The court concludes the weight of the evidence favors the government.

Third, several of defendant's family members testified at the March 8, 2010 hearing, demonstrating his family ties.  Witnesses testified about defendant's lengthy residence in the community and his community ties, including his involvement in youth sports.  Defendant proffered that his girlfriend, Toni Gordon, was willing to serve as a custodian.  These factors weigh in defendant's favor.  Other considerations with respect to the third factor, however, weigh against defendant.  Defendant, who is forty-five years old, does not have a meaningful

employment history or financial resources.  Defendant employment history is particularly troubling given defendant's age.  Defendant's criminal history, which includes convictions for drug trafficking offenses, is also problematic.  The pretrial services officer reported that defendant admitted he frequently uses marijuana, his last use was a few days prior to his arrest, and he does not feel that he needs substance abuse counseling.  At the time of the instant offense, defendant was on probation as part of a sentence imposed in April 2008 for a conviction for driving under the influence of alcohol or a controlled substance offense.

Finally, danger to the community would be present in this case if defendant is released.  There is a danger in this case that if released the defendant will continue to engage in drug trafficking.  Violence is not the only danger to the community this court must consider.  The court must also consider, whether, if released, defendant is likely to traffic in illicit narcotics.  See Perry, 788 F.2d at 111 (danger to community arises from the likelihood that the defendant will, if released, commit one of the proscribed federal offenses); cf. United States v. Strong, 775 F.2d 504, 507 (3d Cir. 1985) (statutory language unequivocally establishes that Congress intended to equate traffic in drugs with a danger to the community).  Based upon the factors discussed above that weigh in favor of the government, including the drug conspiracy charge in this case and the failure to identify a reliable source of income, this court predicts that defendant will likely continue to engage in drug trafficking if he is given the opportunity to do so.

Even if defendant had rebutted the § 3142(e) presumption, this court finds after considering the record as a whole that there is no condition or set of conditions which would reasonably assure that defendant would not engage in drug trafficking on release.  In light of defendant's background and that the presumption – there is no combination of conditions that would reasonably assure the safety of the community if defendant is released – retains

evidentiary weight, <u>Carbone</u>, 793 F.3d at 560-61, this court cannot conclude that any condition or set of conditions, if imposed, would reasonably assure the safety of the community if defendant were released pending trial.

### *Order*

THEREFORE, this 10th day of March, 2010, IT IS HEREBY ORDERED that the defendant shall continue to be detained pending trial and committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, to persons awaiting or serving sentences or being held in custody pending appeal.

IT IS FURTHER ORDERED that, upon order of the court or upon request of an attorney for the government, a person in charge of the correctional facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

By the court:


 /s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:  Counsel of Record
     United States Pretrial Services/Probation Office